**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

LAZARITO MATHEU, AIDALI RIVERA, WILLIAM RIVERA, and
HECTOR RODRIGUEZ,

     Plaintiffs.

     v.                                        Case No. 20 CV 01660

CITY OF WAUWATOSA,
CHIEF (former) BARRY WEBER,
DEXTER SCHLEIS, and
JOHN DOES POLICE OFFICERS 1-100

     Defendants.

---

## COMPLAINT

---

Plaintiffs, by their undersigned attorneys of record, allege as follows:

## I.    <u>INTRODUCTION</u>

1.   This is an action whereby Aidali Rivera, William Rivera, Hector Rodriguez, and Lazarito Matheu  hereinafter collectively referred to as "Plaintiffs," seek redress for deprivations under color of law of rights, privileges and immunities secured by the United States Constitution, the State of Wisconsin's Constitution, and the laws of the United States. Specifically, Plaintiffs seek redress for unlawful actions taken against them by Defendants related to their exercise of their rights under and violations of the Fourth and Fourteenth Amendments to the United States Constitution, the State of Wisconsin's Constitution, and the laws of the United States, with respect to their constitutional rights.

## **NATURE OF THE CLAIM**

2. Plaintiff William Rivera brings these civil actions pursuant to 42 U.S.C. §1983 and state law claims. Plaintiffs seek damages for injuries sustained as a result of Defendants' violations of his constitutional rights.

3. Plaintiff Aidali Rivera brings these civil actions pursuant to 42 U.S.C. §1983 and state law claims. Plaintiffs seek damages for injuries sustained as a result of Defendants' violations of her constitutional rights.

4. Plaintiff Lazarito Matheu brings these civil actions pursuant to 42 U.S.C. §1983 and state law claims. Plaintiffs seek damages for injuries sustained as a result of Defendants' violations of his constitutional rights.

5. Plaintiff Hector Rodriguez brings these civil actions pursuant to 42 U.S.C. §1983 and state law claims. Plaintiffs seek damages for injuries sustained as a result of Defendants' violations of his constitutional rights.

6. On the evening of October 9, 2020, a crowd had gathered to protest the shooting of Alvin Cole in Wauwatosa, Wisconsin, and the District Attorney's decision not to prosecute Wauwatosa Officer Joseph Mensah.

7. That evening, numerous persons who were involved in protests in Wauwatosa were detained, arrested, and given civil tickers for violation of an emergency order.

8. On the evening of October 9, 2020 William Rivera lived in Wauwatosa and worked as a security guard.

9. On October 9, 2020, William Rivera was in a car with Aidali Rivera, Lazarito Matheu, and Hector Rodriguez and was being driven home after work by.

10. Plaintiffs William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez were not protesting in Wauwatosa but were unlawfully detained, arrested, and ticketed for driving William home from work.

11. There were over fifty persons who were arrested from October 8, 2020 through October 10, 2020 for protesting in the City of Wauwatosa.

12. Many of those who were arrested such as Aidali Rivera and Tracy Cole, the mother of Alvin Cole, were victims of excessive force at the hands of WPD officers and had to seek medical treatment for their injuries.

13. Despite citizens getting hurt by WPD officers upon information and belief neither the city of Wauwatosa nor its former police chief Barry Weber issued any consequences to the unlawful behavior of its police officers.

14. Neither William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez had committed any crimes when they were stopped, detained, and arrested by officers. Plaintiffs were subjected to excessive force without cause, in violation of, Fourth Amendment and Fourteenth Amendment right against the use of excessive force, and Fourteenth Amendment right to due process, plus state constitutional violations. This excessive force and unconstitutional constraint on Plaintiffs' civil and constitutional rights resulted in physical injuries and emotional distress.

15. Plaintiffs seek to hold Defendants accountable for repeated violations of their constitutional rights.

16. Defendants' actions, while unconstitutional in any context, are even more pernicious here because the use of excessive force specifically targeted at these Plaintiffs who had not violated any laws.

## II.      JURISDICTION AND VENUE

17. This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331(a) and 1343, the Fourth, and Fourteenth Amendments to the United States Constitution and over the parties pursuant to 28 U.S.C. § 1391(b) because this action arises from the commission of tortious acts within the State of Wisconsin, by citizens of the State of Wisconsin. Jurisdiction supporting Plaintiffs' claims for attorney fees and costs is conferred by 42 U.S.C. § 1988.

18. Venue is proper in the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §1391(b)(2), in that this is the judicial district in which the events giving rise to the claims occurred, and upon information and belief, where the Defendants reside or transact business in the District.

## III.      JURY DEMAND

19. Plaintiffs demand a trial by jury in this action on all of their claims.

## IV.      PARTIES TO THE COMPLAINT

20. Plaintiff William Rivera is a Wisconsin resident who resided in the City of Wauwatosa and County of Milwaukee, State of Wisconsin.

21. Plaintiff Aidali Rivera is a Wisconsin resident who resides in the City and County of Milwaukee, State of Wisconsin.

22. Plaintiff Hector Rodriguez is a Wisconsin resident who resides in the City and County of Milwaukee, State of Wisconsin.

23. Plaintiff Lazarito Matheu is a Wisconsin resident who resides in the City and County of Milwaukee, State of Wisconsin.

24. Defendant City of Wauwatosa is a municipality incorporated in the State of Wisconsin.

25. Defendant Barry Weber was the Chief of Police during all the dates relevant to this complaint for the Wauwatosa Police Department located at 1700 North 16th Street, Wauwatosa, WI 53226, County of Milwaukee, State of Wisconsin, with a phone number of 414-471-8430 and an email of bweber@wauwatosa.net, and is, on information and belief an adult resident of the State of Wisconsin residing in Washington County, within the Eastern District of Wisconsin. In Weber's official capacity he had final responsibility for the policies and procedures of WPD. Weber is named in his individual capacity and official capacity. At all times pertinent and material to this Complaint, Defendant Weber was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin.

26. Defendant Dexter Schleis was an officer during all the dates relevant to this complaint for the Wauwatosa Police Department located at 1700 North 116th Street, Wauwatosa, WI 53226, County of Milwaukee, State of WI., with a phone number of 414-471-8430. Upon information and belief, Mitchell is an adult citizen of the State of Wisconsin residing in Milwaukee County, within the Eastern District of Wisconsin. Mitchell was working as an officer with the Wauwatosa Police Department for the City of Wauwatosa. Mitchell is named in his individual capacity. At all times pertinent and material to this Complaint, he was acting within the scope of his employment and under color of the statutes, ordinances, customs, policies, and usages of the State of Wisconsin.

27. John Does 1-100 are individual police officers and employees of the city of Wauwatosa, who enabled, supported and/or effectuated arrests, caused bodily harm, created false arrest records, and/or ticketed individuals at issue in this case. Their identities are currently

unknown to Plaintiffs but are known to Defendant City of Wauwatosa. They are each public employees of Wauwatosa who were operating under the color of state law. When their identities are determined, this Complaint will be amended to name each individual officer to the extent that they violated the rights contemplated in this suit.

## V.     STATEMENT OF FACTS

28. On October 9, 2020 there was a curfew in the city of Wauwatosa from 7:00 p.m. to 6:00a.m.

29. Persons going to and from work were exempted from the curfew.

30. On October 9, 2020, at around 7:20p.m. William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Mathew were driving home from work in the City of Wauwatosa.

31. Plaintiff William Rivera worked as a security guard and had just finished his shift at 7:00 P.M. on October 9, 2020.

32. William Rivera was exempt from the curfew on October 9, 2020 when he was detained and arrested.

33. Aidali Rivera was exempt from the curfew on October 9, 2020 when he was detained and arrested.

34. Lazarito Matheu was exempt from the curfew on October 9, 2020 when he was detained and arrested.

35. Hector Rodriguez was exempt from the curfew on October 9, 2020 when he was detained and arrested.

36. After work, William was picked up by his mother Aidali Rivera, Lazarito Matheu, and Hector Rodriguez who were taking him home.

37. On October 9, 2020 William Rivera lived in Wauwatosa.

38. While Plaintiffs William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez were driving up North Avenue, a crowd of people started running towards them making it difficult for them to move for fear they would hit someone.

39. Not wanting to hurt anyone, Lazarito Matheu, who was driving, stopped the car owned by Plaintiff Aidali Rivera and John Doe officers also commanded them to stop which they did.

40. While Plaintiffs were in the car stopped and  without warning an armored vehicle driven by a John Doe officer rammed Plaintiffs' car with Aidali, William, Hector, and Lazarito in it.

41. Plaintiffs Aidali, William, Hector, and Lazarito all sustained injuries as a result of their stationary vehicle being hit by the armored vehicle.

42. The vehicle was also substantially damaged as a result of this.



43. Upon information and belief, Defendant Dexter Schleis and John Doe officers surrounded the car, pointing guns at the four Plaintiff occupants who all put their hands outside of the windows as instructed.

44. Plaintiffs William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito were all unaware of the curfew in Wauwatosa.

45. Upon information and belief, Dexter Schleis and John Doe Officers pointed their guns at Plaintiffs Aidali Rivera, William Rivera, Lazarito Matheu, and Hector Rodriguez.

46. Such actions of pointing guns at the Plaintiffs constitutes excessive force which was objectively unreasonable in light of the facts and circumstances confronting them.

47. Plaintiffs Aidali, William, Lazarito, and Hector, were not a threat to Dexter Schleis nor any of the John Doe officers at any time during their stop, detention, and subsequent arrests.

48. Plaintiffs were being stopped for a noncriminal nonviolent curfew violation which they were exempted from.

49. Plaintiffs Aidali Rivera, William Rivera, Lazarito Matheu, and Hector Rodriguez never resisted detention nor did they ever attempt to flee from any of the John Doe Officers at any time.

50. Because the car was rammed on the back-passenger side, the car was so damaged that William Rivera who was sitting behind the front passenger seat and Aidali Rivera who was seated in the passenger seat had to climb over the driver's side to get out of the car and was pulled out by John Doe Officers.

51. John Doe officers and upon information and belief Defendant Dexter Schleis pointed their guns at Plaintiffs threatening to shoot Plaintiffs in the car.

52. All four Plaintiffs individually and collectively repeatedly told John Doe Officers and upon information and belief Defendant Dexter Schleis that they were taking William home from work at his home in Wauwatosa.

53. Plaintiffs Aidali, William, Hector, and Lazarito individually and collectively tried to explain to upon information and belief Defendant Dexter Schleis and John Doe Officers that they were not participating in any protest but were taking William Rivera home from work.

54. William Rivera was wearing his security uniform when he was arrested.

55. William Rivera upon information and belief told Defendant Dexter Schleis and John Doe Officers his home address in Wauwatosa.

56. As can be seen below, William Rivera is pictured (seated farthest left), still in his security guard uniform, next to Lazarito and Hector seated on the far right.



57. Plaintiff William Rivera filmed by CBS58 News, upon information and belief told Defendant Dexter Schleis that he was on his way home from   work, in response, he was told "at this time it doesn't matter because you are black."



58. Mr. William Rivera is Black and Hispanic.

59. John Doe officers police put zip ties on Plaintiffs' William, Aidali, Lazarito, and Hector wrists extremely tightly, causing bruising as can be seen in the photos below.




60. All four Plaintiffs complained repeatedly about the wrist ties being too tight to upon information and belief Defendant Dexter Schleis and John Doe officers but were ignored.

61. William Rivera, Hector Rodriguez, and Lazarito Matheu suffered significant injuries as a result of the excessive force that was objectively unreasonable in light of the facts and circumstances confronting the Defendant Dexter Schleis and John Doe officers.

62. Aidali Rivera suffered significant injuries as a result of the car being intentionally rammed by the armored vehicle as a result of the objectively unreasonable excessive force that the John Doe officers intentionally imposed on her she went to Froedtert Hospital.

63. Plaintiff's Aidali Rivera car was also unlawfully searched and driven by a John Dow officer to a nearby parking lot and when she went back the next day she discovered that it had been towed.

64. The towing of Plaintiff's car was in violation of WPD's towing policy.

  

65. Plaintiff Aidali was put into a paddy wagon by John Doe officers and was in extreme pain due to the car crash and the extremely tight wrist ties around her.

66. There was no probable cause for upon information and belief Defendant Dexter Schleis and the John Doe Officers to arrest Plaintiffs Aidali, William, Lazarito, and Hector.

67. There was no probable cause that Defendant Dexter Schleis had to give tickets to William Rivera, Lazarito Matheu, and Hector Rodriguez

68. There was no probable cause to arrest Aidali Rivera.

69. Plaintiff Aidali Rivera was taken to Froedtert in an ambulance and later learned that she had a ticket for violation of an emergency order by WPD Officer Jeffrey Farina.

70. Plaintiffs William, Lazarito, and Hector were placed under arrest and put into a van by a John Doe officer and upon information and belief Defendant Dexter Schleis taken to the WPD.

71. When Plaintiffs William, Lazarito, and Rodriguez arrived at the WPD they repeatedly told upon information and belief Defendant Dexter Schleis and John Doe officers that they were not part of the protests and that they were trying to drop William home from work in Wauwatosa.

72. Once William, Hector, and Lazarito arrived at the Wauwatosa Police Department the John Doe Officers seized Plaintiffs' cell phones.

73. To date, Defendant City of Wauwatosa has not returned the phones of William Rivera, Lazarito Matheu, and Hector Rodriguez.

74. Plaintiff William told the John Doe officers his current Wauwatosa address.

75. Plaintiff William was ordered by a WPD John Doe officer to take off his work security shirt and to only wear his white t-shirt before he took his booking photo.

76. William, Hector, and Lazarito were all individually questioned by John Doe officers and were asked if they were a part of a protest group named The People's Revolution ("TPR") and why they were out there.

77. After questioning, William, Lazarito, and Hector the John Doe officer told the WPD John Doe Officer that, "I don't think they are supposed to be here."

78. Nonetheless, Plaintiffs continued to be be arrested at the WPD.

79. Plaintiffs William, Lazarito, and Hector cellphones were taken and they were kept at the WPD until around 3:00a.m.

80. Plaintiffs William, Lazarito, and Hector were also denied a phone call by the John Doe officers at the WPD.

81. Without probable cause, William, Hector, and Lazarito were all given tickets by Defendant Dexter Schleis for Violating an Emergency Order in the amount of $1,321.

82. Plaintiffs were released from custody in the early morning hours of October 10, 2020.

83. After they were released from custody, a John Doe officer told William, Lazarito, and Hector that they could not be outside and refused to give them their phones.

84. The John Doe Officer said that he would take the three of them home and William again told him his home address in Wauwatosa which was near the WPD.

85. Plaintiffs William, Lazarito, and Hector did not want to go with the WPD, but were told that they had no choice but to go with the John Doe Officers.

86. Plaintiffs William, Lazarito, and Hector and were arrested on October 10, 2020 for the second time in and few hours upon information and belief by Defendant Dexter Schleis and John Doe Officers.

87. Plaintiffs William, Lazarito, and Hector were handcuffed tightly again and they were forced into a WPD vehicle upon information and belief by Defendant Dexter Schleis and John Doe Officers.

88. The John Doe officers did not take them to William, Hector, and Lazarito to his home in Wauwatosa, instead they were driven to 35th and Kilbourn in Milwaukee at 3 a.m. driving past Plaintiff William's house in Wauwatosa.

89. 35th and Kilbourn at 3:a.m. is a high crime area and miles away from the WPD and William's home in Wauwatosa.

90. They were dropped off here by the John Doe Officers with no cell phones and without the John Doe officers offering to call anyone for them.

91. Plaintiffs Aidali Rivera and Lazarito Matheu who were told by a John Doe officer that their car had not been towed from the area but discovered that had been towed.

92. Plaintiffs Aidali and Lazarito went to Dennis Transportation Service tow lot where they were told that they would need to pay $299.25 and could not view the car before they paid.

93. After paying $299.25 for the car, Plaintiffs Aidali and Lazarito were told by an unidentified attendant that the car came in without a key and that a John Doe officer told him that the car had crashed into a fence.

94. Aidali and Lazarito went to the car and saw that the car was completely ruined.

95. Plaintiffs witnessed that the car had flat tires, had been searched, money was missing, and Aidali River's driver's license had been snapped in half and was on the front seat.




96. Lazarito and Aidali asked the tow lot manager what happened, and the manager threatened Plaintiff Lazarito, calling him the "n" word, and pulling out his gun.

97. Upon information and belief, Dennis Transportation Service is routinely used by the WPD.

98. Based on their lives being threatened, Aidali and Lazarito immediately left the tow lot, left the car there, and have not been back since.

99. Upon information and belief, Defendant Dexter Schleis knew there was no probable cause to ticket Plaintiffs William, Hector, and Lazarito for violation of an emergency order in the amount of $1,321.

100.    Aidali Rivera after being arrested, having several unnecessary court hearings, hiring an attorney and the stress that comes with going to court to fight an unlawful ticket Plaintiff Aidali suffered damages and her ticket was terminated in her favor on February 3, 2021 for the lack of probable cause to charge.

101.    William Rivera, Lazarito Matheu, and Hector Rodriguez after being arrested, having several unnecessary court hearings, hiring an attorney and the stress that comes with

going to court to fight an unlawful ticket Plaintiffs suffered damages and their tickets were dismissed in 2023.

102.     Due to the actions of Defendant Dexter Schleis and other John Doe Officers, William Rivera, Lazarito Matheu, and Hector Rodriguez, suffered physical discomfort and injury due to their car being hit as well as soreness and bruising from having their arms handcuffed tightly, significant emotional distress and trauma, as well as other medical issues due to the actions of the defendants on October 9, 2020.

103.     Due to the actions of Defendant John Doe Officers, Aidali Rivera suffered physical discomfort and injury due to her car being hit as well as soreness and bruising from having her arms handcuffed tightly, significant emotional distress and trauma, as well as other medical issues due to the actions of the defendants on October 9, 2020.

104.     Due to the actions of Defendant Dexter Schleis and other John Doe Officers, William Rivera, Lazarito Matheu, and Hector Rodriguez, suffered physical discomfort and injury due to having their arms being handcuffed tightly, significant emotional distress and trauma, as well as other long term medical issues due to the actions of the defendants on October 10, 2020.

105.     Upon information and belief, the officers of the City of Wauwatosa Police Department and/or assisting agencies, and/or John Does 1-100 used excessive force with wanton disregard for the safety, health, or well-being of those who were in the City of Wauwatosa on October 9 & 10, 2020 during the hours of the curfew.  Said officers also:

   a.  Upon information and belief, targeted persons of color, including William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez whether they were protesting or not;

   b.  issued no warnings to the Plaintiffs of the impending use of force;

c. made no attempts to protect the safety, health, or well-being of individuals who simply happened to be in Wauwatosa and who were unaware of the curfew such as Plaintiffs;

d. made no attempts to protect the safety, health, or well-being of individuals who were in Wauwatosa that were exempt from the curfew such as Plaintiffs.

106. In doing so, John Doe Officers and Defendant Dexter Schleis exhibited a careless disregard for the safety, health, and wellbeing of Plaintiffs and subjected them to unnecessary, unreasonable, and excessive force.

107. Defendants intentionally terminated or restrained Plaintiffs' freedom of movement by applying excessive physical force,

108. The acts of the Defendant described herein, all while acting under color of law and pursuant to customs, policies, and/or customs and practices of WPD, were unreasonable, excessive, and performed in violation of Plaintiffs' constitutional rights under the First, Fourth, and Fourteenth Amendments.

109. As a direct and proximate result of the acts and conduct of the Defendants described herein, William Rivera sustained the following injuries and damages, among others:

a. Physical injuries to his back, arms, and wrists as a result of the Defendants' use of force against him;
b. Emotional and psychological injury, including but not limited to post- traumatic stress and anxiety;
c. pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;
d. Deprivation of civil liberties and constitutional rights;
e. Other non-economic damages, economic damages, compensatory, and special damages

110. As a direct and proximate result of the acts and conduct of the Defendants described herein, Aidali Rivera sustained the following injuries and damages, among others:

a. Physical injuries to her head, back, arms, and wrists as a result of the Defendants' use of force against her;
b. Emotional and psychological injury, including but not limited to post- traumatic stress and anxiety;
c. pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;
d. Deprivation of civil liberties and constitutional rights;
e. Other non-economic damages, economic damages, compensatory, and special damages

111. As a direct and proximate result of the acts and conduct of the Defendants described herein, Lazarito Matheu sustained the following injuries and damages, among others:

a. Physical injuries to his back, arms, and wrists as a result of the Defendants' use of force against him;
b. Emotional and psychological injury, including but not limited to post- traumatic stress and anxiety;
c. pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;
d. Deprivation of civil liberties and constitutional rights;
e. Other non-economic damages, economic damages, compensatory, and special damages

112. As a direct and proximate result of the acts and conduct of the Defendants described herein, Hector Rodriguez sustained the following injuries and damages, among others:

a. Physical injuries to his back, arms, and wrists as a result of the Defendants' use of force against him;
b. Emotional and psychological injury, including but not limited to post- traumatic stress and anxiety;
c. pain, suffering, mental anguish, public and private humiliation, embarrassment, and emotional distress, past and future;
d. Deprivation of civil liberties and constitutional rights;
e. Other non-economic damages, economic damages, compensatory, and special damages

113. Plaintiffs continue to experience post-traumatic stress and fear of on-going retaliation.

## FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violation - Excessive Force
All Plaintiffs v. All Defendants

114.     Plaintiffs realleges and incorporate here all paragraphs of this Complaint as though fully set forth.

115.     At all relevant times herein, the above-named Defendants acted under color of state law and deprived Plaintiffs of their constitutional rights while acting within the course and scope of their employment and in their capacities as officers of the Wauwatosa Police Department and were "persons" for purposes of 42 U.S.C. § 1983.

116.     On October 9, 2020 at all times material hereto, upon information and belief Defendant Officers Schleis and John Doe Officers used unnecessary, excessive force, that was objectively unreasonable in light of the facts and circumstances confronting them against Plaintiffs Aidali Rivera, William Rivera, Hector Rodriguez, and Lazarito Matheu.

117.     Plaintiffs had a protected Fourth Amendment right against being victimized by the use of excessive force at the hands of law enforcement personnel.

118.     Plaintiffs had a protected Fourteenth Amendment right against being victimized by the use of excessive force at the hands of law enforcement personnel.

119.     Defendants did not have, at any time, a legally valid basis to seize Plaintiffs.

120.     Defendants unlawfully seized Plaintiffs by terminating or restraining Plaintiffs' freedom of movement through means intentionally applied, and/or by means of excessive physical force, including intentionally hitting their vehicle with an armored car and pointing their guns at Plaintiffs when they were lawfully within the city of Wauwatosa.

121.     Each Defendant failed to intervene to prevent the other Defendants from violating Plaintiffs' constitutional rights and failed to stop unlawful acts.

122.     Each Defendant failed to intervene to prevent the other Defendants from violating Plaintiffs' constitutional rights and failed to stop unlawful acts.

123.    In light of the circumstances confronting them, Plaintiffs actions were arbitrary and/or conscience shocking and/or objectively unreasonable.

124.    On October 9, 2020 Plaintiffs Lazarito Matheu, Aidali Rivera, William Rivera, and Hector Rodriguez were not a threat to any of the Defendant officers at any time during their detention and subsequent arrests.

125.    Plaintiffs had committed no crime (nor could any of the Defendants have reasonably believed Plaintiffs had committed any crime) that would legally justify arrest or detention. Plaintiffs gave the officers no reason to fear for their safety, Plaintiffs were unarmed, and none of the Plaintiffs were resisting arrest or fleeing.

126.    Defendants did not have a legally valid basis to seize Plaintiffs in the manner and with the level of force used under the circumstances presented.

127.    Defendants recklessly created a situation in which they used force.

128.    At the time when Defendants used excessive force against Plaintiffs, William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez they had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure through excessive force. Any reasonable law enforcement officer knew or should have known of this clearly established right.

129.    At the time when Defendants used excessive force against Plaintiffs, William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez they had a clearly established constitutional right under the Fourteenth Amendment to the United States Constitution to be secure from unreasonable seizure through excessive force. Any reasonable law enforcement officer knew or should have known of this clearly established right.

130.     Defendants engaged in these actions intentionally, willfully, maliciously, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiffs' constitutionally protected rights.

131.     Defendants' use of force against Plaintiffs was unjustified, excessive, and unreasonable.

132.     By using excessive force, Defendants violated the Plaintiffs' right to privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

133.     At all times herein, Plaintiffs did not harm anyone, and was not an imminent threat, nor any kind of threat to anyone or anything.

134.     Defendants City of Wauwatosa has a custom, policy, or practice of tolerating violations of the Fourth Amendment of the United States Constitution.

135.     Defendants City of Wauwatosa has a custom, policy, or practice of tolerating violations of the Fourteenth Amendment of the United States Constitution.

136.     The actions of Defendants were authorized (before and during the fact) and ratified (after the fact), by final policymakers for the Defendant City of Wauwatosa, including but not limited to Defendant Barry Weber.

137.     Defendant City of Wauwatosa's customs, policies, and/or practices, and the decisions of its final policymakers, were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

138.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiffs injuries, damages, and losses.

139.     Defendants' intentional actions or inactions as describer herein of intentionally depriving Plaintiffs of due process and of the rights, privileges, liberties, and immunities secured by the U.S. Constitution.

**SECOND CLAIM FOR RELIEF**
42 U.S.C. § 1983 – Fourteenth Amendment – Due Process
All Plaintiffs v. Against All Defendants

140.     Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

141.     At all times relevant to the allegations in this Complaint, Defendants acted under color of state law, within the course and scope of their employment, and in their capacities as officers of the City of Wauwatosa or other associated law enforcement agencies providing assistance to the City of Wauwatosa under agreements for mutual aid.

142.     The orders issued by Defendants Wauwatosa and Barry Weber, and the authority on which those orders were based were vague and not clearly defined.

143.     The orders issued by Defendants, and the authority on which those orders were based, offered no clear and measurable standard by which Plaintiffs and others could act lawfully.

144.     Defendants City of Wauwatosa and Barry Weber failed to intervene to prevent each Defendant Officer from violating Plaintiffs' constitutional rights, and failed to stop unlawful acts.

145.     The orders issued by Defendants, and the authority on which those orders were based, failed to provide people of ordinary intelligence a reasonable opportunity to understand what conduct they prohibited, and authorized or encouraged arbitrary and discriminatory enforcement, or both.

146.     At the time when Defendant officers violated Plaintiffs' due process rights, William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez had a clearly established constitutional right under the Fourteenth Amendment to the United States Constitution to

be afforded due process of law. Any reasonable law enforcement officer knew or should have known of this clearly established right.

147. Defendants engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiffs' constitutionally protected rights.

148. Defendants had a custom, policy, or practice of tolerating violations of the Fourteenth Amendment of the United States Constitution.

149. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiffs' injuries, damages, and losses.

150. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiffs of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

151. For these violations of his Fourteenth Amendment rights, Plaintiffs are seeking damages against the City of Wauwatosa, the Chief of Wauwatosa, as well as damages against the remaining individual-officer defendants.

### THIRD CLAIM FOR RELIEF
42 U.S.C. § 1983. – FOURTEENTH AMENDMENT MUNICIPAL LIABILITY (MONELL)
ALL PLAINTIFFS V. CITY OF WAUWATOSA

152. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

153. The aforementioned acts and/or omissions of the Municipal and Individual Supervisory Defendants (collectively, for this count only, "Municipal Defendants") in being deliberately indifferent to Plaintiffs' rights under the First, Fourth, and Fourteenth

Amendments were the direct and proximate result of customs, practices and policies of the Municipal Defendants, as alleged herein.

154.     At all times herein, the Municipal Defendants maintained a policy of de facto unconstitutional custom or practice of permitting, ignoring and condoning violations of the First, Fourth, and Fourteenth Amendments.

155.     Upon information and belief, no law enforcement officer or deputy was disciplined for their actions against Plaintiffs William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu on October 9, 2020.

156.     Upon information and belief, no law enforcement officer or deputy was disciplined for their actions on October 10, 2020 against Plaintiffs William Rivera, Hector Rodriguez, and Lazarito Matheu on October 9, 2020.

157.     The City of Wauwatosa, as a matter of custom, practice, and de facto policy through their individual policymakers, maintained a policy, custom or practice of failing to provide adequate staff, supervision, training, or recordkeeping with regards to violations of the First, Fourth, and Fourteenth Amendments.

158.     Each policy, custom or practice of Municipal Defendants posed a substantial risk of serious harm to Plaintiffs, and the Municipal Defendants, through their individual policymakers, knew their policies posed this risk, given that the risk was obvious.

159.     As a result of the deliberate indifference, reckless and/or conscious disregard of Plaintiffs' First, Fourth, and Fourteenth Amendments, the Municipal Defendants allowed individual Law Enforcement Officers to continue their custom and practice of deliberate indifference unchecked, resulting in the violation of Plaintiffs' rights, as alleged herein.

160.     The aforementioned acts and/or omissions and/or deliberate indifference by the Municipal Defendants resulted in the deprivation of Plaintiffs' constitutional rights. These customs, practice or policies were the legal cause of Plaintiffs' injuries, and each individual Defendant acted in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez.

161.     Said rights are substantive guarantees under the First, Fourth and Fourteenth Amendment to the U.S. Constitution.

162.     That on or around October 9, 2020, the Defendant City of Wauwatosa had an official policy with respect to violation of persons First, Fourth and Fourteenth Amendments who were lawfully within the city of Wauwatosa.

163.     That on or around October 9, 2020 and October 10, 2020 the Municipal Defendants' official policies with respect to dealing with persons who were lawfully on the streets of Wauwatosa not engaged in protests were/are inadequate with respect Plaintiffs.

164.     The John Doe Officers purposefully failed to follow the internal policy of the Municipal Defendants, and were not reprimanded, demoted, penalized, or corrected.

165.     These police officers and/or deputies also lacked the appropriate training as required. Rather than correct these deficiencies, the Municipal Defendants looked the other way and failed to correct any such failures.

166.     That the Municipal Defendants' failure to provide adequate training to of the Law Enforcement Officers caused the violations of Plaintiffs' constitutional rights, and the injuries and damages to Plaintiffs, as set forth in the preceding paragraphs.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Failure to Intervene (8th and 14th Amendment)
### (All Plaintiffs v. All Defendants)

167.     Plaintiff realleges and incorporates here all paragraphs of this Complaint as though fully set forth.

168.     Defendants John Doe Officers witnessed officers use excessive force against William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu.

169.     Upon information and belief John Doe Officers knew that officers were using excessive force against Plaintiffs by hitting their vehicle with an armored car and pointing guns at their heads.

170.     Defendant officers had a realistic opportunity to do something to prevent harm against Plaintiffs.

171.     Defendant John Doe officers were aware that there was a strong likelihood that all of the Plaintiffs would be harmed as a result of being hit by an armored vehicle, having arms restraints placed on them tightly, and of having guns pointed to their heads.

172.     Defendant Weber and John Doe officers failed to take reasonable steps to prevent harm from occurring.

173.     Defendant Weber and John Doe officers failed to take reasonable steps to prevent harm from occurring and was acting under the color of state law when his failure caused harm to Plaintiffs.

174.     Defendant John Doe officers and Weber were acting under the color of state law and their failure to act caused harm to Plaintiffs.

175.     Defendant John Doe officers and Weber's failure to act caused irreparable damage to Plaintiffs for which they are entitled to damages proximately caused thereby.

176. Defendant Weber's failure to act caused irreparable damage to Plaintiff for which Plaintiff's is entitled to damages proximately caused thereby.

177. Defendant John Doe officers failure to act caused irreparable damage to Plaintiff for which Plaintiff's is entitled to damages proximately caused thereby.

178. Unless restrained by this Court, Defendants will continue to engage in the unconstitutional and illegal conduct alleged herein, or other similar unconstitutional or illegal conduct, causing irreparable harm.

179. At all times relevant to this Complaint, Defendants were acting under color of state law.

180. Defendants' actions caused Plaintiff's to suffer damages.

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Arrest/Detention (5th and/or 14th Amendment)**
**October 9, 2020**
**(All Plaintiffs v. Defendants John Doe Officers, Dexter Schleis, and Wauwatosa)**

181. On October 9, 2020 Defendants John Doe officers and upon information and belief Defendant Dexter Schleis had no probable cause to believe that Plaintiffs William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu violated any law when they detained and arrested them, and their actions were arbitrary and capricious in hitting them with an armored car, pulling them out of the car, pointing guns at them, and handcuffing them.

182. On October 9, 2020 the defendants' actions were willful, wanton and reckless and in a malicious disregard of the Plaintiffs William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu constitutional rights, resulting in the injuries suffered by him.

183.     The misconduct described in this claim was objectively unreasonable and undertaken maliciously and without regard for the plaintiffs William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu constitutional rights.

184.     The defendants conduct constituted a violation of the 5th and/or 14th Amendment equal protection rights guaranteed by that same amendment while action under color of law, the defendants deprived the plaintiff of his 14th amendment rights and is entitled to damages as provided by law.

**SIXTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Arrest/Detention (5th and/or 14th Amendment)**
**October 10, 2020**
**(Plaintiffs William Rivera, Hector Rodriguez, and Lazarito Matheu v. Defendants John Doe Officers, Dexter Schleis, and Wauwatosa)**

185.     Defendants John Doe officers and upon information and belief Defendant Dexter Schleis had no probable cause to believe that Plaintiffs William Rivera, Hector Rodrigeuz, and Lazarito Matheu violated any law when they detained and arrested them again in the early morning hours of October 10, 2020 after they were released from WPD custody, and their actions were arbitrary and capricious in hitting them with an armored car, pulling them out of the car, pointing guns at them, and handcuffing them.

186.     On October 10, 2020 the defendants' actions were willful, wanton and reckless and in a malicious disregard of the Plaintiffs William Rivera, Hector Rodrigeuz, and Lazarito Matheu constitutional rights, resulting in the injuries suffered by him.

187.     The misconduct described in this claim was objectively unreasonable and undertaken maliciously and without regard for the plaintiffs William Rivera, Hector Rodrigeuz, and Lazarito Matheu constitutional rights.

188.     The defendants conduct constituted a violation of the 5th and/or 14th Amendment equal protection rights guaranteed by that same amendment while action under color of law, the defendants deprived the plaintiff of his 14th amendment rights and is entitled to damages as provided by law.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**Failure to Train and Supervise**
**(All Plaintiffs v. City of Wauwatosa and Barry Weber)**

189.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

190.     These Defendants actions and inactions resulted in injury to Plaintiffs, and caused them pain and suffering, among other things.

191.     Defendant Weber was, at all times relevant, a policymaker or final delegated decision-maker for the Wauwatosa Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

192.     At all times relevant hereto, it was known to Defendant that it was highly probable that Wauwatosa law enforcement officers would encounter citizens who were lawfully in Wauwatosa and not participating in protests.

193.     At all material times to this Complaint, Defendants had a duty to hire, train and supervise properly trained personnel to provide adequate and appropriate police duties and actions, and had a duty to properly train and supervise the police officers regarding their duties and obligations under the First, Fourth, Fifth, and Fourteenth Amendments.

194.     But for the failure of Defendants to properly supervise their agents, officers and employees under state law, Plaintiffs would not have suffered their injuries and great conscious pain and suffering, and other forms of damages.

195. it was highly predictable that such failures to train would lead to law enforcement officers' violation of the Constitutional rights of citizens like the Plaintiffs and could likely result in the otherwise avoidable injury of such citizens.

196. As a direct and proximate result of the negligence of the Defendants, Plaintiffs suffered, among other things, conscious pain and suffering, great physical and emotional pain and suffering, medical expenses, compensatory damages, among other damages, in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Assault
### (All Plaintiffs v. Defendants Dexter Schleis and John Doe Officers)

197. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein

198. In hitting Plaintiffs with an armored car and putting their handcuffs on extremely tight Defendants Officers threatened to commit bodily harm.

199. Defendants Doe did commit an act of assault when intentionally hitting Plaintiffs with an armored car and putting handcuffs on them extremely tightly.

200. Upon information and belief, Defendant Dexter Schleis did commit an act of assault when he pointed his gun at Plaintiffs.

201. As a result of the assault, Plaintiffs were harmed in an amount to be determined by a jury.

## NINTH CLAIM FOR RELIEF
### Assault
### (All Plaintiffs v. Defendants Dexter Schleis and John Doe Officers)

202.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein

203.    Battery is defined in Wisconsin as the intentional causation of bodily harm to the person of another without that person's consent.

204.    Wisconsin permits civil claims for battery. *See* Wis. Stat. § 893.57.

205.    Battery is considered an intentional tort.

206.    William Rivera did not consent to being hit by an armored car and being injured.

207.    Aidali Rivera did not consent to being hit by an armored car and being injured.

208.    Hector Rodriguez did not consent to being hit by an armored car and being injured.

209.    Lazarito Matheu did not consent to being hit by an armored car and being injured.

210.    In hitting Plaintiffs car while they were stationary, Defendants Doe,  did commit an act of battery on them.

211.    As a result of the battery, Plaintiffs were harmed in an amount to be determined by a jury.

## TENTH CLAIM FOR RELIEF
### State Law Indemnification (Wis. Stat. § 895.46)

212.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

213.    The allegations set forth in this Complaint are against various officers.

214.    That at all times material hereto, Defendants were carrying out their duties as agents of the various government or law enforcement agencies and were acting within the scope of their respective employment.

215.    That the conduct of Defendants, as set forth in the preceding paragraphs, resulted in injuries to Plaintiffs.

216.    That Defendant government agencies are liable, pursuant to Wisconsin Statute Section 895.46, for any judgement entered against the Defendants in this action because, at all times material hereto, the Defendants were carrying out their duties as government officials, agents or law enforcement officers and were acting within the scope of their respective employment.

WHEREFORE, Plaintiffs respectfully demand relief, jointly and severally against all Defendants as follows:   A declaration that Defendants' conduct violated the First, Fourth, and Fourteenth Amendments of the United States Constitution;

1.   Compensatory damages for the physical, emotional, and economic injuries suffered by William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez by reason of the Defendants' unconstitutional, unjustified, excessive, and unreasonable actions and policies, in an amount fair, just, and reasonable and in conformity with the evidence at trial;

2.   Compensatory damages for William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez for the assaults, battery, and the violations of their state constitutional rights in an amount fair, just, and reasonable and in conformity with the evidence at trial;

3.   Punitive and exemplary damages to the extent allowable by law for;

4.   Attorneys' fees and costs as allowed, pursuant to 42 U.S.C. §1988; and

5.   Such other and further relief as appears just and proper.

6. That the governmental agencies are liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the Defendants in this action because Defendants were acting within the scope of their employment when they committed the above-mentioned actions.

Respectfully submitted this 9th day of October 2023.

PLAINTIFFS HEREBY DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.


MOTLEY LEGAL SERVICES

s:/ Kimberley Cy. Motley
State Bar No.: 1047193
P.O. Box 1433
Matthews, North Carolina 28106
Email : kmotley@motleylegal.com
Telephone : (704) 763-5413


**ATTORNEY FOR PLAINTIFFS**