**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

LAZARITO MATHEU,
AIDALI RIVERA,
WILILAM RIVERA, and
HECTOR RODRIGUEZ,

        Plaintiffs,

v.                                                     CASE NO.: 23cv1330

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DEXTER SCHLEIS, and
JOHN DOES POLICE OFFICERS 1 – 100,

        Defendants.

---

**JOINT FED.R.CIV. P. 26(f) REPORT**

---

The parties by their undersigned attorneys hereby provide the following FRCP 26(f) Report.

A Zoom Video Scheduling Conference under Fed. Rule Civ. Pro. 16(b) will be held on February 23, 2024, at 9:30 a.m.

**I.    NATURE OF THE CASE**

This is a civil action brought pursuant to 42 U.S.C. §1983. This case arises from the City of Wauwatosa's Emergency Order and curfew which was in effect from October 7 – October 12, 2020. The Emergency Order was unilaterally signed and approved by the City of Wauwatosa's Mayor Dennis McBride, on September 30, 2020, in anticipation of the release of the Milwaukee County District Attorney's findings on October 7, 2020, regarding Wauwatosa Police Officer Joseph Mensah's killing shooting of Alvin Cole.

The Complaint alleges constitutional violations stemming from the plaintiffs' alleged arrests on October 9 and 10, 2020. The Plaintiffs claim on October 9, 2020, they were traveling in a vehicle when they were stopped by Wauwatosa Police Officer Dexter Schleis and unknown John Doe officers, and unlawfully detained, subjected to excessive force, and that the actions of the WPD officers were sanctioned by the City and its former police chief.

Defendants deny any wrongdoing, deny any and all liability for any damages.

**II.     INITIAL DISCLOSURES**.

The parties shall exchange initial disclosures on or before **March 15, 2024.**

**III.    AMENDMENT OF PLEADINGS.**

Plaintiffs propose May 10, 2024 to amend pleadings. Defendants propose March 15, 2024.

**IV.     NATURE OF DISCOVERY.**

The parties agree that the limitations on discovery imposed by the Federal Rules of Civil Procedure are appropriate to this case. The parties agree to confer and to work cooperatively if either party reasonably believes that this paragraph needs to be modified, prior to seeking Court intervention.

The parties will work cooperatively to make appropriate stipulations of fact and regarding authenticity of documents to avoid unnecessary proof.

The parties anticipate that electronic discovery may occur in this case, and that electronically stored information ("ESI") will be discoverable consistent with the Federal Rules of Civil Procedure. The parties agree to promptly meet and confer on electronic discovery issues.

The parties agree that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be complete upon transmission,

provided that the sender does not receive any indication that such electronic transmission was unsuccessful. Rule 6(d) shall not apply in the event of such service.

The parties agree that for all written discovery requests and proposed findings of fact, a copy will be provided to opposing counsel in Word format upon request for use in responding in order to avoid duplication of work. The parties agree that all discovery responses will be provided in electronic format, and that the parties will cooperate as to the specific electronic format (native, PDF, etc.) of the documents disclosed.

Plaintiffs propose that discovery shall be completed by **October 21, 2024.** Defendants propose that discovery be completed by **June 28, 2024.** It is Defendants position that discovery in this matter already occurred and that the court should not permit Plaintiffs to re-open discovery which would undoubtedly cause undue hardship and expense to Defendants. It is Plaintiffs position that all discovery was not completed in this matter and that there is additional outstanding discovery that had not been turned over.

**V.    JURISDICTION.**

The parties have consented to a magistrate judge pursuant to 28 U.S.C. §636(c). And the parties agree that subject matter jurisdiction of this court is addressed in the pleadings; jurisdiction is conferred on this court by 28 U.S.C.§1331.

**VI.    EXPERT DISCOVERY.**

The parties do not anticipate the need for expert discovery; however, the following are additional proposed cut-off dates with respect to experts:

a.    Plaintiffs Expert Disclosures:  Plaintiffs propose **October 21, 2024** and Defendants propose **June 28, 2024.**

b.  Defendants Expert Disclosures: Plaintiffs propose **November 25, 2024** and Defendants propose **August 30, 2024.**

VII.  **CONTEMPLATED MOTIONS**

Defendants anticipate filing motions for issue preclusion, for summary judgment, or for partial summary judgment as the evidence may warrant. Defendants propose that all dispositive motions be filed by **August 30, 2024.** Plaintiffs propose that all dispositive motions be filed by November 25, 2024.

VIII.  **ESTIMATED LENGTH OF TRIAL**

The parties estimate that the trial will last four (4) days.

IX.  **WHETHER ANY PARTY IS REQUESTING A JURY TRIAL.**

The parties request a jury trial to include 12 jurors.

X.  **POSSIBILITY OF PROMPT RESOLUTION OR SETTLEMENT.**

The parties did not engage in settlement discussions prior to filing of this lawsuit.

The parties have discussed all matters addressed in this joint submission.

Dated at Wauwatosa, Wisconsin this 19th day of February 2024.

**WIRTH + BAYNARD**
Attorneys for Defendants

BY:  */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin  53226
T: 414) 291-7979 / F: (414) 291-7960
Emails: jmb@wbattys.com

BY:  /s:/ *Kimberley Cy. Motley*
Kimberley Cy. Motley, WI Bar No. 1047193
Motley Legal Services
2206 Bonnie Butler Way
Charlotte, North Carolina 28270

Telephone: (704) 763-5413  
Email : [kmotley@motleylegal.com](mailto:kmotley@motleylegal.com)