# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAZARITO MATHEU,
AIDALI RIVERA,
WILILAM RIVERA, and
HECTOR RODRIGUEZ,

        Plaintiffs,

v.                                                      CASE NO.: 23cv1330

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DEXTER SCHLEIS, and
JOHN DOES POLICE OFFICERS 1 – 100,

        Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. 12(c)

      This is not Matheu Lazarito, William Rivera, Aidali Rivera, and Hector Rodriguezs' (hereinafter collectively referred to as the Rivera Plaintiffs) first day in federal court. Indeed, more than three years ago, the Rivera Plaintiffs filed a suit arising from their allegedly unconstitutional arrest by the Wauwatosa Police Department. After three years of contentious litigation and a 5-day jury trial, the Plaintiffs were unsuccessful in proving their claims. Plaintiffs appealed the loss of their first case. That appeal is pending, and the result of that ruling has only two outcomes—either the appellate court affirms this district court's orders and jury verdict, or the appellate court reverses, and the issues go back to the district court for a second bite at the apple. However, before filing their appellate brief, the Rivera Plaintiffs filed the instant action duplicative of the action on appeal. On a practical level, the present lawsuit represents a profound abuse of the judicial process and a waste of resources. As a matter of law, the present lawsuit is barred by res judicata.

As such, Defendants submit the following brief in support of their Motion for Judgment on the Pleadings pursuant to Fed. R. 12(c) seeking dismissal of the instant duplicative action.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

### 1. Prior Litigation: Eastern District Case No. 20-cv-1660 and Seventh Circuit Appeal.

On March 6, 2021, Plaintiffs Matheu Lazarito, William Rivera, Aidali Rivera, and Hector Rodriguez were named as plaintiffs in a lawsuit against the City of Wauwatosa and several of its employees. (*See Aaron et al v. Ratkowski et al*, Eastern District Case No. 20-cv-1660 at ECF 24, ¶¶ 39, 46, 47, 48) That Complaint was amended several times, with the operative version being submitted on February 15, 2022, wherein Matheu Lazarito, William Rivera, Aidali Rivera, and Hector Rodriguez remained Plaintiffs. (*Knowlton*, ECF 155 at ¶¶ 60, 68, 69, 70) Relevant to the Rivera Plaintiffs, the Fourth Amended Complaint asserted claims related to their October 9 and 10, arrest for violating Wauwatosa's emergency curfew, including:

> On October 9, 2020, at around 7:30 p.m. William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Mathew were driving home from work in the City of Wauwatosa. (Knowlton ECF 155 ¶ 642)
>
> Lazarito stopped the car owned by Plaintiff Aidali Rivera and John Doe officers and John Doe National Guard approached their vehicle. (*Id*. ¶ 647)
>
> Plaintiff Lazarito, who was driving, tried to back his vehicle up and out of nowhere and without warning an armored vehicle driven by an unidentified John Doe officer rammed Plaintiffs' car with Aidali, William, Hector, and Lazarito in it. (*Id*. ¶ 648)
>
> Unidentified John Doe officers surrounded the car, pointing guns at the four Plaintiff occupants who all put their hands outside of the windows. (*Id*. ¶ 649)
>
> Without probable cause, William, Hector, and Lazarito were all given tickets by defendant Dexter Schleis for Violating an Emergency Order in the amount of $1,321. (*Id*. ¶ 678)
>
> After Plaintiffs were released from custody, on October 10, 2020 a John Doe officer told William, Lazarito, and Hector that they could not be outside of the WPD, refused to give them their phones, and the John Doe Officer said that he would take them home. Plaintiffs did not want to go with the WPD but were told they had no choice and were

arrested for the second time, handcuffed, and got in the squad car. (*Id*. ¶¶ 679-680)

As a result of their arrests, the Rivera Plaintiffs brought several causes of action—relevant to the present motion:

> The first claim captioned "First Amendment Violation (Curfew Order)" was brought by Hector Rodriguez against the City of Wauwatosa and Mayor McBride in his individual capacity, and alleged in general that the City's curfew order was an unconstitutional restriction on their right to protest. (*Id*. p. 104-05)
>
> The fifth claim captioned "First Amendment Retaliation" was brought by Hector Rodriguez and alleged that he was arrested and issued a citation in retaliation for his speech. (*Id*. p. 113, ¶¶ 975-76) This is confusing because Plaintiffs contend they were not protesting and were unaware of the curfew. (*Id*. ¶ 650)
>
> The sixth claim captioned "Deliberate Indifference" brought against Barry Weber alleged that Weber was aware and condoned that on October 10, 2020, Plaintiffs Matheu Lazarito, William Rivera, Aidali Rivera, and Hector Rodriguez were all subjected to objectively unreasonable excessive force by John Doe officers when their car was rammed and they had a gun pointed at them while they were in Wauwatosa. (*Id*. ¶ 989)
>
> The seventh claim captioned "First Amendment Violation (Excessive Force & Arrest)" brought by Hector Rodriguez alleged that defendants used excessive force against Plaintiffs to stop them from protesting (*Id*. pp. 118-20), and that these actions were condoned by policy maker Barry Weber. (*Id*. p. 121)
>
> The eighth claim captioned "Excessive Force" alleged that on October 9, 2020, John Doe Officers pointed their guns at Plaintiffs Lazarito Matheu, Aidali Rivera, William Rivera, and Hector Rodriguez and intentionally hit the vehicle that Plaintiffs were in. (*Id*. ¶ 1055)
>
> The ninth claim captioned "Unlawful Arrest" brought by William Rivera, Aidali Rivera, Hector Rodriguez, Lazarito Matheu against Defendant Farina and John Does 1-100 alleged that John Doe Defendants had no probable cause when they arrested William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu when they had knowledge that these individuals were not in violation of the curfew. (*Id*. ¶ 1065)

The tenth claim captained "Unlawful Search and Seizure" brought by Aidali Rivera, William Rivera, and Hector Rodriguez alleged that John Doe Defendants had no warrant, consent or other probable cause when they conducted a search of and seized the vehicle of Aidali Rivera. (*Id*. pp. 128-29)

The eleventh claim captioned "Violation of Title VI" brought by William Rivera against the City of Wauwatosa alleged that he was unlawfully arrested by a John Doe Officer on October 9, 2020, while trying to go to his home in Wauwatosa. (*Id*. p. 129)

The twelfth claim captioned "Equal Protection" brought by William Rivera alleged that a John Doe Officer told William Rivera that they were arresting him because he is Black. (*Id*. ¶ 1073)

The thirteenth claim captioned "Malicious Prosecution (Wisconsin State Law)" brought by Aidali Rivera against Municipal Prosecutor George Schimmel, Wauwatosa Police Officer Jeffrey Farina, and John Doe Officers alleged that John Doe Officers unlawfully arrested Plaintiff Aidali Rivera and detained her for hours claiming a violation of an emergency order with no probable cause, knowing that she was exempt from the curfew. (Knowlton ECF 155 ¶ 1092), and that Officer Farina issued her a citation and Prosecutor Schimmell subjected her to improper judicial proceedings. (*Id*. ¶¶ 1094-95)

On August 24, 2022, Judge Joseph granted Defendants' Motion to Dismiss in part and dismissed Plaintiffs' claims of deliberate indifference (sixth claim), excessive force (seventh and eighth claims), unlawful arrest (ninth claim), and unlawful search and seizure (tenth claim), and equal protection (twelfth claim) **with prejudice**. *See generally* (Knowlton ECF 190, pp. 23-24)

On March 13, 2023, Judge Joseph granted Defendants' Motion for Summary Judgment in part and dismissed the Plaintiffs' Section 1983 claims against the City of Wauwatosa and Mayor McBride relating to the curfew (first claim) as well as William Rivera's Title VI claim against the City of Wauwatosa (eleventh claim) and Aidali Rivera's malicious prosecution claim against Wauwatosa Police Officer Jeffrey Farina (thirteenth claim). (Knowlton ECF 332, pp. 7-16) The remaining claims were tried in May of 2023 and resulted in a defense verdict. (Knowlton ECF 411)

On September 21, 2022, Plaintiffs moved for reconsideration of the district court's August 24, 2022, Decision and Order, arguing that this court committed a "manifest error of law" in dismissing their causes of action because they felt their complaint was not construed liberally and ambiguities were not resolved in their favor. (Knowlton ECF 204, p. 3) On October 28, 2022, the district court denied the Plaintiffs' motion for reconsideration in all material respects relating to the individual capacity claim, although it did grant that the dismissal of the John Doe Defendants would be without prejudice holding "[s]hould the plaintiffs discover the names of any or all of the John Doe officers, plaintiffs should move for leave to amend the complaint to name the officers." (Knowlton ECF 232 pp. 4-6) There were no amendments to the pleadings after that point and Plaintiffs neither identified nor named any of the John Doe Defendants.

On November 28, 2023, the Rivera Plaintiffs appealed the district court's decision dismissing their constitutional challenges associated with their October 2020 arrests for violating the emergency curfew against (relevant here) the City of Wauwatosa, Barry Weber, and John Doe Officers 1 – 100. *See* (*Kathryn Knowlton, et al. v. City of Wauwatosa, et al.,* Seventh Cir. Appeal No. 23-2135, ECF 23 Appellants' Brief at pp. 26-32)

### 2. The Instant Duplicative Action: Eastern District Case No. 23-cv-01330.

On October 9, 2023, before filing their appellate brief, the Rivera Plaintiffs, through the same attorney, filed the current suit in the Eastern District of Wisconsin against the City of Wauwatosa, Barry Weber, Dexter Schleis, and John Doe Officers alleging excessive force (first claim), violation of due process (second claim), "municipal liability" (third claim), failure to intervene (fourth claim), unlawful arrest and detention (fifth and sixth claims), failure to train and supervise (seventh claim), and assault (eighth and ninth claims). (*Lazarito Matheu et al. v. City of Wauwatosa et al.*, Eastern District Case No. 23cv01330, ECF 1 at ¶¶ 114-211).

5

The Rivera Complaint will be discussed in further detail below, but a summary of the allegations is as follows:

> On October 9, 2020, there was a curfew in the City of Wauwatosa from 7:00 p.m. to 6:00 a.m. that exempted persons going to and from work. (Rivera ECF 1 ¶¶ 28-29)
>
> On October 9, 2020, William Rivera was in a car with Aidali Rivera, Lazarito Matheu, and Hector Rodriguez and was being driven home after work by [sic]. (*Id*. ¶ 9)
>
> Plaintiffs William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez were not protesting in Wauwatosa but were unlawfully detained, arrested, and ticketed for driving William home from work. (*Id*. ¶ 10)
>
> Neither William Rivera, Aidali Rivera, Lazarito Matheu, and Hector Rodriguez had committed any crimes when they were stopped, detained, and arrested by officers. Plaintiffs were subjected to excessive force without cause, in violation of Fourth Amendment and Fourteenth Amendment right against the use of excessive force, and Fourteenth Amendment right to due process, plus state constitutional violations. This excessive force and unconstitutional constraint on Plaintiffs' civil and constitutional rights resulted in physical injuries and emotional distress. (*Id*. ¶ 14)
>
> Upon information and belief, Defendant Dexter Schleis and John Doe officers surrounded the car, pointing guns at the four Plaintiff occupants who all put their hands outside of the windows as instructed. (*Id*. ¶ 43)
>
> There was no probable cause for upon information and belief Defendant Dexter Schleis and the John Doe Officers to arrest Plaintiffs Aidali, William, Lazarito, and Hector. (*Id*. ¶ 66)
>
> Plaintiffs William, Lazarito, and Hector and were arrested on October 10, 2020 for the second time in a few hours upon information and belief by Defendant Dexter Schleis and John Doe Officers. (*Id*. ¶ 86)

Upon receipt and review of the instant duplicative action, Defendants filed a timely answer putting Plaintiffs on notice that their claims were precluded under theories of res judicata. (Rivera ECF 13 p. 23) Thereafter, Defendants provided a "safe harbor" letter again putting Plaintiffs on notice that their claims were precluded under theories of res judicata, i.e., claim preclusion, and claim splitting. (Rivera ECF 16-1, 18) Plaintiffs did not dispute that the instant case and the Knowlton case are duplicative but sought a stay of the instant case while the Knowlton appeal was pending. (Rivera ECF 15)

6

On February 23, 2024, the Court held a scheduling conference where the issues of Plaintiffs' pending motion to stay and Defendants' pending motion for sanctions were discussed. (Rivera ECF 21) Both of these pending motions stemmed from Defendants' position that the instant action was improper under theories of res judicata. As a result, the Court ordered Defendants to file a Motion for Judgment on the Pleadings regarding issue preclusion. (*Id*.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court evaluates a Rule 12(c) motion under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted). Claim-splitting is a subset of the res judicata doctrine, an affirmative defense that the Seventh Circuit has held is best addressed under Rule 12(c). *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010); *Scholz v. United States*, 18 F.4th 941, 951-52 (7th Cir. 2021).

## ARGUMENT

Res judicata bars litigation of claims that have already been litigated, or that "could have been litigated but were not," in another lawsuit involving the same parties (or their privies) and the same operative facts, if that suit has reached final judgment on the merits. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The aim of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. "Res

judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being hauled into court repeatedly." *Palka*, 662 F.3d at 437.

When a plaintiff brings a case "arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the case cannot be maintained. *Carr v. Tillery*, 51 F.3d 909, 913 (7th Cir. 2010). The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). While both doctrines serve to promote judicial economy and shield parties from vexatious litigation, "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas claim preclusion focuses on protecting the finality of judgments." *Id*.

Notwithstanding these differences, claim splitting draws on the law of claim preclusion when determining whether the second lawsuit should be dismissed. Claim preclusion applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). Claim splitting does not require claim preclusion's second factor, finality of the judgment. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (7th Cir. 2011). The court examines only whether there is an identity of the parties and of the causes of action between the instant action and the Knowlton action.

"Whether there is an identity of the cause of action depends on 'whether the claims comprise the same core of operative facts that give rise to a remedy.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014)(quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust*

*Co. of Chi.,* 649 F.3d 539, 547 (7th Cir. 2011)). "Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 2000). Thus, "a plaintiff cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events." *Barr,* 796 F.3d at 840 (quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011)). Moreover, "[r]es judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzowstowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

## I. THE INSTANT DUPLICATIVE ACTION IS BARRED BY RES JUDICATA.

As explained above, res judicata applies where there is a final judgment on the merits, the same parties, and the same transaction. There is no doubt that Plaintiffs' claims for excessive force and unlawful arrest relating to their October 9 and 10, 2020, arrests meet all elements of res judicata.

### A. There Was a Final Judgment on the Merits.

This district court dismissed Plaintiffs' section 1983 claims with prejudice on August 24, 2022. (Knowlton ECF 190 at 41-43) Additional claims were disposed of through summary judgment on March 13, 2023. (Knowlton ECF 332 at 41-43) These were final orders that disposed of all the claims in Plaintiffs' Fourth Amended Complaint specifically the claims relating to the Rivera Plaintiffs' fourth and fourteenth amendment rights. Plaintiffs concede that these orders were final and appealed both decisions and within their moving brief plainly state that "no issues remain

9

before the district court." (Knowlton App. Br. p. 1)

### B. There is Similarly of Parties.

Matheu Lazarito, William Rivera, Aidali Rivera, and Hector Rodriguez are plaintiffs in both the instant Rivera and Knowlton lawsuits. *Compare* (Rivera ECF 1 ¶¶ 20-23 and Knowlton, ECF 155 at ¶¶ 60, 68-70) The City of Wauwatosa, former Police Chief Barry Weber, and unidentified John Does Polce Officers 1-100 are defendants in both the Rivera and Knowlton lawsuits. *Compare* (Rivera ECF 1 ¶¶ 24-27 and Knowlton ECF 155 ¶¶ 88, 90, 94, 96, 98, 107) Weber is named in his individual and official capacity in the Rivera case. (*Id.*)

It is also anticipated that Plaintiffs will argue that they have saved themselves from res judicata preclusion by asserting new claims against a new defendant—Dexter Schleis, whose identity they may suggest was unknown at the time of the prior lawsuit. The court should reject this argument. First, Plaintiffs were fully aware of the identity of Officer Schlies as of March 8, 2021. *See* (Knowlton ECF 24 First Amended Compl. at ¶ 343; ECF 54-1 Second Amended Compl. at ¶ 355; ECF 154 Fourth Amended Compl. at ¶¶ 678-68) Plaintiffs had every opportunity to depose Officer Schlies during the 23-month time period that discovery was open in the Knowlton matter. They failed to do so and cannot use that as reason to skirt preclusion. As such any argument that Plaintiffs did not know the identity of Dexter Schlies during the Knowlton litigation is disingenuous. Second, this Court already provided Plaintiffs an opportunity to identify the John Doe Officers in its ruling on Plaintiffs' motion to reconsider, explaining:

> Should the plaintiffs discover the names of any or all of the John Doe officers, plaintiffs should move for leave to amend the complaint to name the officers. Any motion, however, must demonstrate that the names of the John Doe defendants were previously requested, but not produced, at the time of the filing of the Fourth Amended Complaint. In other words, plaintiffs must demonstrate that the Court was indeed factually wrong in its finding in the August 24, 2022 decision and order—that but for the defendants' "lack of discovery compliance" plaintiffs would have already identified the John Doe officers.

(Knowlton ECF 232 p. 4)(citations omitted). Plaintiffs never sought such leave therefore they waived their ability to identify any of the John Doe Officers. Plaintiffs filed the instant complaint on October 9, 2023, and named Dexter Schleis as a defendant although did not designate in what capacity. (Rivera ECF 1 ¶ 26)

Even if the parties are not identical, there can be an identity of parties for claim splitting and claim preclusion if the new parties are in privity with a party in the prior litigation. Parties are in privity if "a person is so identified in interest with a party to former litigation that he or she represents precisely the same legal right in respect to the subject matter involved." *Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 16, 252 Wis. 2d 1, 15, 643 N.W.2d 72, 78. It is Plaintiffs' "burden to amend or dismiss their complaints as necessary to get their entire cause of action in one suit." *Chi. Title Land Tr.*, 664 F.3d at 1081. The Rivera Plaintiffs cannot save their claims from res judicata by identifying Dexter Schlies.

### C. There is a Duplicative Core Set of Facts.

The second element—whether there is an identity of the cause of action—depends on whether the claims comprise the same core of operative facts or the same transaction that give rise to a remedy. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014)(quotations and citations omitted). Even if the two claims are based on different legal theories, the "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Barr*, 796 F.3d at 840 (quoting *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011)). It is readily apparent that the Rivera Plaintiffs' current action and the pending Knowlton suit both concern precisely the same factual transaction—their October 2020 arrests. <u>For example:</u>

The **first claim** for relief in the Rivera Complaint titled "Fourth and Fourteenth Amendment Violation - Excessive Force" is brought by all plaintiffs against all defendants. (Rivera ECF 1 p. 18-21) The complaint alleges that on October 9, 2020, Defendant Officers Schleis

11

and John Doe Officers used unnecessary, excessive force, that against Plaintiffs Aidali Rivera, William Rivera, Hector Rodriguez, and Lazarito Matheu (*Id*. ¶ 116), which was pursuant to City policy and/or authorized by final policy makers (*Id*. ¶¶ 134-137)

This claim is duplicative of the eighth claim for relief in the Knowlton case titled "Excessive Force" which alleged that Plaintiffs Lazarito Matheu, Aidali Rivera, William Rivera, and Hector Rodriguez were subjected to excessive force on October 9, 2020, when John Doe Officers pointed guns at them, and intentionally hit their vehicle. (Knowlton ECF 155, pp. 122-127) The facts alleged in Knowlton relating to the use of excessive force against Plaintiffs on October 9, 2020, are virtually copied and pasted from the Knowlton complaint. *Compare* (Knowlton ECF 155 ¶¶ 642-695 and Rivera ECF 1 ¶¶ 14, 46, 61-62, 115-118, 128-131)

The **second claim** for relief in the Rivera Complaint titled "Fourteenth Amendment – Due Process" is brought by all plaintiffs against all defendants. (Rivera ECF 1 p. 22-23) Although not clearly pled, it appears that this claim asserts that the City and Weber denied Plaintiffs' due process rights by arresting them for violating the curfew order which they believe was vague and not clearly defined. (*Id*.) To the extent that Plaintiffs claim they were denied due process during their arrest on October 9, 2020, that claim is duplicative of the claims alleged in Knowlton and stem from the same set of operative facts—thus barred by res judicata.

The **third claim** for relief in the Rivera Complaint titled "Fourteenth Amendment Municipal Liability (Monell)" is brought by all Plaintiffs against the City of Wauwatosa. (Rivera ECF 1 p. 23-25) The complaint alleges that the City and confusingly some unidentified "Supervisory Defendants" were deliberately indifferent to Plaintiffs' First, Fourth and Fourteenth Amendment by failing to discipline officers for their actions on against Plaintiffs

William Rivera, Hector Rodriguez, and Lazarito Matheu on October 9, 2020 and October 10, 2020. (*Id*. ¶¶ 153, 156-57) and that the City lacked polices with respect to dealing with persons who were lawfully on the streets of Wauwatosa not engaged in protest (*Id*. ¶ 163). This claim is duplicative of the Knowlton sixth claim for relief titled "Deliberate Indifference," and eighth claim for relief titled "Excessive force" brought by Lazarito Matheu, Aidali Rivera, William Rivera, and Hector Rodriguez against Barry Weber. (Knowlton ECF 155, pp. 116, 122)

The **fifth claim** for relief in the Rivera Complaint titled "Unlawful Arrest/Detention (5th and/or 14th Amendment) October 9, 2020" is brought by all Plaintiffs against John Doe Officers, Dexter Schleis, and the City of Wauwatosa. (Rivera ECF 1, pp. 27-28) The Complaint alleges that on October 9, 2020, Officer Schleis and unidentified John Doe Officers unlawfully arrested Plaintiffs William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu by hitting their car with an armored vehicle, pointing guns at them and handcuffing them without probable cause. (*Id*. ¶ 181) This claim is duplicative of the ninth claim for relief in the Knowlton case, which alleged that Plaintiffs were arrested in violation of the Fourteenth Amendment. (Knowlton ECF 155 ¶ 1065)

The **sixth claim** for relief is titled "Unlawful Arrest/Detention (5th and/or 14th Amendment) October 10, 2020" and is brought by Plaintiffs William Rivera, Hector Rodriguez, and Lazarito Matheu against Defendants John Doe Officers, Dexter Schleis, and the City of Wauwatosa. (Rivera ECF 1, pp. 28-29) The Complaint alleges that on October 10, 2020, Officer Schleis and unidentified John Doe Officers unlawfully arrested Plaintiffs William Rivera, Hector Rodriguez and Lazarito Matheu when they detained and arrested them again in the early morning hours of October 10, 2020, after they were released from WPD custody. (*Id*. ¶ 185) This claim is duplicative of the ninth claim for relief in the Knowlton case, which alleged that "Defendants had no probable cause when they arrested William Rivera, Aidali Rivera, Hector Rodriguez, and Lazarito Matheu when

13

they had knowledge that these individuals were not in violation of the curfew." (Knowlton ECF 155, ¶ 1065) Plaintiffs' anticipated argument that their arrest on October 10, 2020, was not previously plead and is thus a "new claim" cannot survive res judicata.

The issues of the officers' use of force and the reasonableness of the actions (or alleged inaction) of other officers during Plaintiffs' arrest were litigated in Knowlton lawsuit, and the Rivera Plaintiffs were represented by counsel. The issues were the subject of several motions to dismiss, the claim based on those issues was dismissed with prejudice, and that dismissal is currently on appeal. *See generally* (Knowlton Appeal) Dismissal of a cause of action with prejudice constitutes a final judgment on the merits for purposes of issue preclusion and bars a later suit on the same cause of action. *Quincy Mall, Inc. v. Parisian, Inc.*, 27 F. App'x 631, 636 (7th Cir. 2001). To now bring another lawsuit stemming from the exact same incident with the same claims and issues against the same defendants is a blatant attempt to relitigate the matter.

### II. PLAINTIFFS' ATTEMPT TO BRING PREVIOUSLY UNPLED CLAIMS IN THE INSTANT DUPLICATIVE ACTION IS IMPERMISSIBLE CLAIM-SPLITTING.

Plaintiffs "cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata." *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010)(citations omitted). The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). The Seventh Circuit has recognized one important practical difference between res judicata and claim splitting: claim splitting allows a trial court to exercise discretion, while res judicata does not." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697 (7th Cir. 2022), citing *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir.

14

2021). The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case when those issues could have been raised in the first litigation. *Barr* 796 F.3d at 841. When a plaintiff brings such "a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory," claim splitting has occurred, and the suit cannot be maintained. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

Put more succinctly, Plaintiffs cannot use a second lawsuit—and in this case essentially a fifth amended complaint— against Defendants to take another bite at the apple. *Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011). It is anticipated that Plaintiffs will attempt to evade res judicata dismissal by asserting that they have brought "new claims." However, a simple side-by-side comparison of the complaints unequivocally demonstrates that the instant action is based on the same operative factual allegations as the claims in the Knowlton case. Any change in the wording or addition of previously unpled state law claims for assault and battery are an impermissible attempt at claim-splitting as they rely on the same operative facts, for example:

The **fourth claim** for relief in the Rivera Complaint titled "Failure to Intervene (8th and 14th Amendment)" is brought by all plaintiffs against all defendants. (Rivera ECF 1 p. 26-27) The complaint alleges that the unidentified John Doe officers witnessed other unidentified officers' use excessive force against Plaintiffs presumably during their October 9, 2020 arrest, and failed to take steps to intervene. (*Id*. ¶¶ 168-69) Although not previously plead, the failure to intervene rests on the same operative facts as the underlying constitutional violations and is thus an impermissible attempt at claim-splitting.

The **seventh claim** for relief in the Rivera Complaint titled "Failure to Train and Supervise" is brought by all Plaintiffs against the City of Wauwatosa and Barry Weber. (Rivera ECF, 1 pp. 29-30) The Complaint asserts unspecific, conclusory allegations that Defendant Weber had a duty to

15

hire, train and supervise properly trained personnel to provide adequate and appropriate police duties and actions, and had a duty to properly train and supervise the police officers regarding their duties and obligations under the First, Fourth, Fifth, and Fourteenth Amendments. (*Id*. ¶ 193)

The **eighth and ninth claims** for relief are both titled "Assault" and are brought by all Plaintiffs against Dexter Schleis and John Doe Officers. (Rivera ECF 1, pp. 30-31) Although these claims were not specifically plead in the Knowlton matter, Plaintiffs cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events." *Barr*, 796 F.3d at 840. Plaintiffs' two assault claims brought in the instant action stem from their October 9, 2020 arrest, and allege Officer Schleis and other unidentified John Doe Officers committed assault by pointing guns at Plaintiffs and hitting their car with an armored vehicle (*Id*. ¶¶ 200, 210) The factual support for Plaintiffs' assault claims also mirrors the actions alleged in their excessive force claims. *Compare* (Knowlton ECF 155 ¶ 1055)

Finally, the **tenth claim** for relief in the Rivera Complaint is captioned "State Law Indemnification" against the City of Wauwatosa and is not a cause of action, but a theory of damages. (Rivera ECF 1, p. 32) This claim does not operate as an independent basis for liability, however, was sought in the Knowlton matter and therefore cannot be used to save the duplicative action from res judicata preclusion. (Knowlton ECF 155, pp. 134-137) Regardless, assertions of damages theories are not stand-alone causes of action and thus cannot resurrect Plaintiffs' Complaint from res judicata.

Even if these claims were not specifically plead in the Knowlton matter, Plaintiffs cannot evade preclusion by identify[ing] a slightly different cause of action with one element different from those in the first, second, or third complaints between the same parties arising from the same events." *Barr*, 796 F.3d at 840. Res judicata bars not only those issues which were actually decided

16

in a prior suit, but also all issues which could have been raised in that action." *Brzowstowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995); *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir. 1986)("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost."). *See also Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016) ("[The plaintiff] was obliged to raise all claims that stem from the same transaction or series of related transactions (what courts sometimes call the 'core of operative facts')."

The Seventh Circuit addressed a similar issue in *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837 (7th Cir. 2015). The timeline in *Barr* demonstrates the following: on March 3, 2010, Barr filed a pro se complaint against the University alleging that it violated her rights under Title VII of the Civil Rights Act. In her complaint, Barr claimed that the nonrenewal of her contract was in retaliation for her complaint about racial discrimination at the University. *Id*. at 838. On June 25 Barr (now represented by counsel) filed a second suit against the University's Board of Trustees alleging claims for retaliation under Title VII and age discrimination. *Id*. at 839.

Barr never served the first suit, and on August 25 the district court dismissed the first suit, with prejudice, for failure to prosecute. *Id*. at 839. The Board of Trustees learned about the first suit and moved for judgment on the pleadings. (*See* FED.R.CIV.P. 12(c), arguing that res judicata blocked the second suit.) The district court agreed the suit was barred and granted the motion. The Seventh Circuit affirmed and held that the professor's second lawsuit arose out of same cause of action as first lawsuit, as required for res judicata (specifically claim-splitting) to bar the second action. *Id*. at 840-841.

The Seventh Circuit explained, "Even if her legal theory changed between the first and second suits, both cases alleged wrongful nonrenewal and thus shared the same core factual basis for res judicata purposes." *Id*. at 841; *see, e.g.*, *Palka*, 662 F.3d at 437 ("[T]here is an identity of

17

the causes of action because the Title VII claims are premised on the Palkas' termination by their respective municipal employers—the same transactions at issue in their § 1983 cases."); *Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir. 1987) ("We have regarded as the law of this [c]ircuit that '[e]ven though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action.'" (quoting *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 1982))). The Seventh Circuit rejected Barr's argument that res judicata did not apply because her first suit was dismissed on the technicality of lack of service of process, reiterating that "the rule against claim-splitting applies even if the plaintiff's first suit was short-lived." *Barr*, at 841 citing *Palka*, 662 F.3d at 437 (explaining that claim-splitting is "a litigation tactic that res judicata doctrine is meant to prevent").

These principles apply here to preclude the Rivera Plaintiffs' second suit including claims that were previously unpled or not clearly plead.

## CONCLUSION

In sum, Plaintiffs were required to allege, in one proceeding, all claims arising out of a single set of operative facts. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988). Plaintiffs had knowledge of the claims contained in the instant suit while Knowlton was ongoing, and rather than wait for the Seventh Circuit's decision on appeal, Plaintiffs filed an entirely new suit based on the same set of core operative facts. This is claim splitting pure and simple. Accordingly, Plaintiffs' suit is barred.

Defendants respectfully request that the Court grant the foregoing motion, dismiss Plaintiffs' Complaint with prejudice, and award costs associated with bringing the motion, award sanctions, and any other equitable relief the court so orders.

Dated at Wauwatosa, Wisconsin this 12th day of March 2024.

                                          **WIRTH + BAYNARD**
                                        Attorneys for Defendants

BY:   */s/ Jasmyne M. Baynard*
          Jasmyne M. Baynard (SBN: 1099898)
          Email: jmb@wbattys.com
          9898 W. Bluemound Rd. Suite 2
          Wauwatosa, WI 53226
          P: (414) 291-7979

19

Case 2:23-cv-01330-NJ   Filed 03/12/24   Page 19 of 19   Document 25