UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAZARITO MATHEU,
AIDALI RIVERA,
WILILAM RIVERA, and
HECTOR RODRIGUEZ,

    Plaintiffs,

v.     CASE NO.: 23cv1330

CITY OF WAUWATOSA,
FORMER CHIEF BARRY WEBER,
DEXTER SCHLEIS, and
JOHN DOES POLICE OFFICERS 1 – 100,

    Defendants.

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SANCTIONS (DKT. 18)

Defendants, by their attorneys, WIRTH + BAYNARD, submit the following Reply Brief in Support of their Moton for Sanctions.

**I. DEFENDANTS GAVE NOTICE TO PLAINTIFFS OF THEIR INTENT TO FILE A MOTION FOR SANCTIONS.**

Rule 11(c)(2) *Motion for Sanctions* – The motion must be served under **Rule 5**.

> <u>Rule 5(b)(1)</u> *Serving an Attorney*. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

Defendants served Plaintiffs' attorney with a Safe Harbor letter indicating that the lawsuit was without adequate legal basis on January 10, 2024. (Dkt. 16, Dkt. 16-1) In an expedited Motion to Stay Proceedings, Plaintiffs explicitly acknowledged receipt of that Safe Harbor letter, including Defendants' draft motion that they would seek sanctions. (Dkt. 15, p. 2) Defendants filed their

1

Motion for Sanctions on February 14, 2024, which was 35 days after sending their Safe Harbor letter to Plaintiffs' counsel via email. (Dkt. 18)

During a court conference conducted on February 23, 2024, Plaintiffs took the position that, notwithstanding their acknowledged receipt of electronic service of the Safe Harbor letter, they objected to being served the Safe Harbor letter via email. In response, Defendants served a copy of the Safe Harbor letter and the motion a second time upon Plaintiffs' counsel, Kimberley Motley, via U.S. Mail. (Baynard Aff. ¶ 3)

The Seventh Circuit has held that "substantial compliance" is sufficient under Rule 11(c)(2). The Seventh Circuit recognized that proper notice could come in the form of an informal letter. In *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003), the Seventh Circuit concluded that where the failure to satisfy the warning shot requirement was only "technical," the moving party's substantive compliance with the warning shot requirement entitled it "to a decision on the merits."

In *Nisenbaum,* the Seventh Circuit held that there was substantial compliance with Rule 11 because the defendants sent a letter — rather than a motion — that explained the grounds for sanctions and provided more than 21 days to remedy the problem. Insisting on a draft formal motion was deemed unduly formalistic.

Here, there is no dispute that on January 10, 2024, Defendants served a Safe Harbor letter threatening a motion, and a draft of the motion for sanctions, upon Plaintiffs – albeit by electronic mail – and that Plaintiffs' attorney received those documents more than 21 days before the formal motion for sanctions was filed. Plaintiffs object on a form-over-function basis to the electronic service of the Safe Harbor letter. They recognize that the purpose of serving a Safe Harbor letter was "giving a potential violator notice and an opportunity to correct." (Dkt. 30, pg. 7)

2

On March 12, 2024, the Defendants filed their Rule 12 (c) Motion for Judgment on the Pleadings. (Dkt. 23). And by serving the Safe Harbor letter and the motion for sanctions upon Plaintiffs a second time, via U.S. Mail, the Plaintiffs had before them a Motion to Dismiss, a Safe Harbor letter, and a Motion for Sanctions for more than 21 days before their lawsuit was dismissed by the court on April 17, 2024. Instead of voluntarily dismissing their lawsuit in response to the Defendants' dismissal motion – or in response to the Defendants' motion for sanctions – the Plaintiffs forced the matter to judicial resolution.

Any argument regarding service of the Safe Harbor letter or the motion for sanctions is meritless.

## II. PLAINTIFFS' NOW-DISMISSED LAWSUIT WAS FRIVOLOUS AND SANCTIONABLE AS THE CLAIMS ALLEGED WERE NOT WARRANTED BY EXISTING LAW.

As was shown in the Defendants' Motion for Sanctions and confirmed in the Court's Judgment of Dismissal on the Pleadings, Plaintiffs and their attorneys advanced a lawsuit that, from its inception, was frivolous and without merit. The lawsuit represented an abuse of the judicial process and caused the Defendants to incur considerable defense costs. When served with Defendants' Safe Harbor letter, instead of withdrawing the frivolous lawsuit, Plaintiffs filed an expedited Motion to Stay Proceedings, substituting an effort to pause the frivolous lawsuit, rather than dismiss it. (Dkt. 18, p. 1)

An attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position. *Cuna Mut. Ins. Soc. v. Office & Prof'l Emp. Int'l Union, Local* 39, 443 F.3d 556, 560 (7th Cir. 2006); *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993).

Because there was no basis in law to pursue claims that were already the subject of a dismissal in a prior action, which such action is pending appeal, there could be no good faith basis for this lawsuit. Sanctions are appropriate in this matter.

**CONCLUSION**

Repetitive and redundant litigation of unsuccessful claims following years of litigation cannot be tolerated. Such tactics represent an enormous waste of judicial resources and cause debilitating legal expenses to defendants forced to defend themselves again and again against variations of the same claims dismissed in other actions. Such baseless actions cannot go undeterred. For all of the foregoing reasons, the Court should sanction Plaintiffs and their counsel for the pursuit of this lawsuit.

Dated at Wauwatosa, Wisconsin this 22nd day of May 2024.

        **WIRTH + BAYNARD**
        Attorneys for Defendants

BY:   */s/ Jasmyne M. Baynard*
       Jasmyne M. Baynard (SBN: 1099898)
       Email: jmb@wbattys.com
       9898 W. Bluemound Rd. Suite 2
       Wauwatosa, WI 53226
       P: (414) 291-7979 ext. 114

4

Case 2:23-cv-01330-NJ    Filed 05/22/24    Page 4 of 4    Document 33